QUINCE, Judge.
The Dimitroffs appeal the trial court’s denial of their petition for family administration of the estate of their deceased son/brother. The trial court denied the petition based on Florida Probate Rule 5.030(a), which requires the personal representative of most estates to be represented by an attorney. We reverse because attorney representation is not necessary under the circumstances of this case.
The parents and brother of the decedent filed an amended petition for family administration without a will. The petition alleged the decedent died intestate with a gross estate of $47,613. It was further alleged that the estate was not indebted, and that the parents are the sole heirs.
Rule 5.030(a) indicates the personal representative must be represented by an attorney unless the personal representative is the sole interested person or the personal representative is an attorney. In this instance the persons who would be the personal representatives are also the only interested persons.
Mark Kevin Dimitroff died intestate. He is survived by his parents and a brother. The parents are the heirs at law to this estate. See § 732.103(2), Fla.Stat. (1993). The parents would also have preference in appointment as the personal representatives. § 733.301(2)(e), Fla.Stat. (1993). The parents as personal representatives would also be the sole interested parties. Therefore, the parents need not be represented by an attorney.
The purpose of a family administration is to streamline the procedures necessary to administer an estate which is less than $60,000, the decedent died intestate, and the heirs at law are the spouse, lineal descendents or lineal ascendents. Requiring the parents to have an attorney represent them under the facts of this ease would defeat that purpose. We reverse the trial court’s denial of the petition for family administration and remand for further proceedings not inconsistent with this opinion.
PARKER, A.C.J., and BLUE, J., concur.